# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| NICKEY JOE HARGETT, | ) |
| Movant, | ) |
| | ) No. 2:13-CV-04143-NKL |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## ORDER

Before the Court is Nickey Joe Hargett's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. # 1]. For the reasons set forth below, Hargett's motion is DENIED.

## I. Background

On October 3, 2012, Hargett was sentenced to 121 months imprisonment after pleading guilty to (1) conspiracy to manufacture a controlled substance, (2) conspiracy to possess pseudoephedrine knowing that it would be used to manufacture methamphetamine, and (3) possession of pseudoephedrine knowing that it would be used to manufacture methamphetamine.

Prior to his sentencing, Hargett's lawyer filed formal, written objections to the Presentence Investigation Report ("PSR"), including an objection to the total amount of pseudoephedrine attributed to Hargett. Hargett's lawyer argued that the 239.6 grams of pseudoephedrine attributed to Hargett in the PSR should be lowered to 169.8 grams. In

his motion, Hargett claims that this alternative amount would have lowered his total offense level.

At his sentencing, the Court determined Hargett's total offense level to be 29 and his Criminal History Category to be a Category VI [Doc. # 1-1 at 7]. Based on those calculations, the Court determined that the applicable sentencing guidelines range was 151 to 188 months. However, pursuant to 18 U.S.C. § 3553(a)(6), the Court chose to impose a sentence 30 months below the guideline range to avoid sentencing disparities among defendants [Doc. # 1-1 at 9]. Hargett, as evidenced by his motion, is confused about these calculations and claims that his base offense level was 23. However, the record shows that his base offense level was calculated at 32 and he was given three points off for acceptance of responsibility, for a total offense level of 29. With a Criminal History Category of IV, his sentencing guideline range was 151 to 188 months.

On May 24, 2013, Hargett timely filed the present motion pursuant to 28 U.S.C. § 2255. Hargett argues that the Court should vacate his current sentence and resentence him with a new court-appointed lawyer because his lawyer was ineffective. He claims his lawyer was ineffective because 1) his lawyer did not pursue objections which had been made in writing to the PSR, 2) he did not seek a continuance to adequately address issues raised in prior co-defendant sentencings, and 3) he advised Hargett not to appeal.

## II. Discussion

### A. Evidentiary Hearing Standard

An evidentiary hearing on a 28 U.S.C. § 2255 motion is necessary unless the motion, files, and records of the case conclusively show that the movant is not entitled to

relief. *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008). Thus, a claim under § 2255 may be summarily dismissed without an evidentiary hearing if it is insufficient on its face or the record affirmatively refutes the factual allegations contained in the motion. *Id*. Upon review of the motion, files, and records, all of Hargett's claims can be fully and fairly evaluated on the existing record, and no evidentiary hearing is required. *See Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995).

### B. Ineffective Assistance of Counsel

Hargett's central claim is that his lawyer provided him with ineffective assistance during his sentencing hearing and that he is entitled to be resentenced with a new court-appointed lawyer. To prevail on his ineffective assistance claim, Hargett must show both: 1) that his lawyer's representation was deficient; and 2) that the deficient performance prejudiced Hargett's defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Failure to show "either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 46 U.S. at 700.

To establish deficient performance, Hargett must show that his lawyer's representation was not objectively reasonable. *Id*. at 687-88. To establish prejudice, Hargett must show that the outcome of his sentencing hearing would have been different but for his lawyer's deficient performance. *Id*. at 694; *see United States v. Jones*, 403 F.3d 604, 605 (8th Cir. 2005). There is a "strong presumption that [his lawyer's] conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir. 1996). The "challenged

3

conduct is to be evaluated in light of the circumstances surrounding the decision," and not evaluated retrospectively. *Id*.

### 1. Ineffective Assistance by Failing to Argue Objection

Hargett claims that his lawyer was ineffective because, at sentencing, his lawyer did not argue the objections to the PSR drug calculation that had been filed in writing previously. This argument fails both prongs of the *Strickland* test because the objection, even if sustained, would not affect Hargett's total offense level. His lawyer's objection to the PSR, if sustained, would have had the effect of lowering the drug quantity attributable to Hargett from 2,396 kilograms of marijuana equivalent to 1,698 kilograms of marijuana equivalent. A base offense of 32 applies to offenses involving at least 1,000 kilograms but less than 3,000 kilograms of marijuana equivalent. *See* U.S.S.G. § 2D1.11. Therefore, even if the objection was sustained, Hargett's base offense level would still be 32, which is the base offense level applied by the Court at his sentencing. Hargett's lawyer did not render deficient representation by failing to raise an "objection [that] would have been fruitless." *Garrett*, 78 F.3d at 1302. Accordingly, Hargett's argument fails the "performance" prong of the *Strickland* test.

Hargett's argument also fails the "prejudice" prong of the *Strickland* test because even if the objection were raised and sustained it would have had no impact on his base offense level. With or without the objection, the base offense level was 32 and the guideline range was 151 to 188 months.

## 2. Ineffective Assistance by Failing to Seek Continuance

Hargett also argues that his lawyer should have requested a continuance so he could better understand what had occurred in the previous sentencings of Hargett's co-defendants. But Hargett does not explain what his lawyer would have learned that would have altered the outcome of Hargett's sentencing. Therefore, Hargett has failed to show any prejudice from the absence of a request for a continuance.

In fact, Hargett is confused about what happened in those sentencings and his own. Both John Dick and Shebil Hargett were held accountable for the same quantity of drugs as Mr. Hargett was, and they also had a base offense level of 32 and a total offense level of 29. However, Dick had a Criminal History Category of II and his guidelines range was 97 to 121 months. The Court sentenced Dick to 121 months which is at the top of his guidelines range. Shebil Hargett had a guideline range of 151 to 188 months, as did Mr. Hargett. In reducing Shebil Hargett's sentence to 103 months, the Court primarily took into account the sentences of the other defendants but also the relative culpability of the defendants as well as Shebil Hargett's documented mental health problems. Finally, the Court was well aware of what happened in each sentencing – so there is no evidence that a continuance would have altered the outcome of Mr. Hargett's sentence. Mr. Hargett and Mr. Dick were determined to be at the top of the conspiracy to produce methamphetamine. Dick was sentenced at the top of his guideline range and Hargett received a downward variance.

### 3. Ineffective Assistance by Advising Not to Appeal

Next, Hargett claims he received ineffective assistance due to his lawyer's failure to appeal his sentence. However, Hargett cannot prevail on this claim if he did not instruct his lawyer to file an appeal. *See Nupdal v. United States*, 666 F.3d 1074, 1076 (8th Cir. 2012) (finding no ineffective assistance for failure to appeal where the defendant did not "expressly instruct[] her attorney to appeal"); *see also Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) (finding no ineffective assistance for failure to appeal where defendant "did not ask her counsel to file a notice of appeal"). "In general, where a criminal defendant cannot show good cause for his failure to appeal, even meritorious claims will be barred in post-conviction proceedings." *Cobbett v. United States*, 43 F.3d 395, 396 (8th Cir. 1994).

The record shows that Hargett was advised of his right to appeal by both his lawyer and the Court. Hargett accepted the advice of his lawyer and decided not to appeal. Whether or not, in retrospect, the decision not to appeal was a poor one is irrelevant. Hargett did not request an appeal and cannot now show the requisite good cause by pointing to his lawyer's failure to file a notice of appeal. Hargett "knew that he could appeal, but he failed to do so; he is therefore barred from seeking post-conviction relief under 28 U.S.C. § 2255." *Id.* (citing *Reid v. United States*, 976 F.2d 446 (8th Cir. 1992)). The Court need not inquire further because Hargett's claims are procedurally barred. Nonetheless, the fact that Hargett received a downward departure would be fatal to any appellate review.

## III. Conclusion

For the foregoing reasons, Nickey Joe Hargett's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: March 19, 2014
Jefferson City, Missouri